IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* Linda Reed and Jessica Smith, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No: 2:14-cv-01060-MHT-WC |
| v. | ) | |
| | ) | |
| FIRST CHOICE HOSPICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF RELATORS' DISMISSAL OF ENTIRE ACTION**

Relators Linda Reed and Jessica Smith bravely brought this case implicating the very serious issue of hospice fraud, which plagues our country's healthcare system.[1] They risked their careers and threat of retaliation to do so, trusting that the Government would honor their efforts to protect patients and safeguard the nation's healthcare system. But the Government betrayed that trust.

For years, Government agents and attorneys took the Relators' information, repeatedly requested that they provide names of potential witnesses and additional information, details of the alleged schemes, and updates about the ongoing fraud. The Government asked this Court for multiple extensions of the statutory seal for years, purportedly reporting on the progress of its investigation into the Relators' allegations yet never reporting to this Court or to the Relators, that

---

[1] See generally James F. Barger, "Life, Death, and Medicare Fraud: The Corruption of Hospice and What the Private Public Under the Federal False Claims Act is Doing About It," 53 Am. Crim. L. Rev. 1 (2016)  (available at https://scholarship.law.ua.edu/cgi/viewcontent.cgi?article=1346&context=fac_working_papers).

1

the Centers for Medicare and Medicaid Services (CMS) was quietly taking monies through alternate regulatory schemes from First Choice for the very patients that Relators had reported were victimized by the alleged fraud. Once it became clear that there was no recovery left to be made, however, the Government finally declined to intervene in this case still without telling the Relators or this Court about the monies CMS had taken that were the subject of this lawsuit. When Relators elected to pursue the fraud on their own, the Government still neglected to inform them and this Court that the monies had already been recovered by alternate means, willingly allowing the Relators, their attorneys and this Court to waste valuable time and resources. Now that it has become clear that there is no money left to recover in this case, the Government cavalierly denigrates the Relators' efforts and sacrifice and boldly refuses to comply with the spirit of the False Claims Act by denying any Relator share award.

Relators maintain that, as a matter of False Claims Act law pursuant to the plain language of 31 U.S.C. §3730(c)(5), they are entitled to an award based upon the Government's recovery from First Choice. Relators and undersigned counsel believe that, if the United States is permitted to investigate FCA cases for years, repeatedly asking for extensions of the statutory seal while surreptitiously siphoning away the damages through clandestine administrative action, causing FCA relators, (apparently unknowing) federal investigators and attorneys, and federal courts to waste huge amounts of time and money on what has become a shell of a case, the will of Congress in creating the public-private prosecutorial framework of the FCA will be completely thwarted. No one will want to serve as a healthcare fraud whistleblower once it becomes clear that the Centers for Medicare and Medicaid Services (CMS) may opt to end-run the statutory framework that the government readily acknowledges is the primary weapon that the United States has against

healthcare fraud.[2]   While CMS may make modest recoveries and unjustly avoid its obligation to pay Congressionally-mandated Relator shares through the tactics it has employed here – in the long run only fraudsters will benefit and the taxpayers will suffer.

Nevertheless, in light of the totality of the circumstances, and in the interest of conserving judicial and private resources, and because CMS has rendered any additional effort in this matter futile, Relators hereby consent to the dismissal of this action in its entirety and withdraw their previous request that the Court maintain jurisdiction over this matter.  (*See* Doc. 73).  Accordingly, the case is due to be dismissed in its entirety.

Respectfully submitted: April 15, 2022

s/ J. Elliott Walthall
JAMES F. BARGER JR.
J. ELLIOTT WALTHALL
BENJAMIN P. BUCY (*pro hac vice*)

**Attorneys for Relators Linda Reed and Jessica Smith**

**OF COUNSEL**

FROHSIN BARGER & WALTHALL
100 Main Street
Saint Simons Island, Georgia 31522
Tel:   205.933.4006
Fax:   205.933.4008

---

[2] *See* Dept of Justice, "Justice Department Recovers Over $2.2 Billion from False Claims Act Cases in Fiscal Year 2020 (January 14, 2021) (*available at* https://www.justice.gov/opa/pr/justice-department-recovers-over-22-billion-false-claims-act-cases-fiscal-year-2020) (last visited April 15, 2022).

3

## Certificate of Service

    I hereby certify that on this, the 15th day of April 2022, I electronically filed the foregoing using the CM/ECF system, which will send notice of this filing to all counsel of record.

                                                /s/ J. Elliott Walthall  
                                                Of Counsel